**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| THE CINCINNATI CASUALTY COMPANY ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO._____ |
| ) | |
| MORCOR FINANCIAL, LLC, ) | |
| AMERICAN CHARTER DEVELOPMENT, LLC, ) | |
| AND LUCIDA CONSTRUCTION COMPANY, ) | |
| LLC, ) | |
| ) | |
|     Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff The Cincinnati Casualty Company and hereby states its Complaint for Declaratory Judgment against Defendants Morcor Financial, LLC, American Charter Development, LLC, and Lucida Construction Company, LLC as follows:

### I. THE PARTIES

1. Plaintiff The Cincinnati Casualty Company (hereinafter "CCC") is a corporation organized under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio, which is authorized to engage in the business of selling insurance in the State of Alabama.

2. Defendant Morcor Financial, LLC (hereinafter "Morcor") is a limited liability company organized under the laws of the State of Utah, with its principal place of business in Springville, Utah. Morcor is registered to do business in and transacts business in the State of Alabama. Morcor has two members: McKay Morley and Mike Morley who are both residents and citizens of Utah.

3. Defendant American Charter Development, LLC (hereinafter "ACD") is a limited liability company organized under the laws of the State of Arizona, with its principal place of business in Springville, Utah. ACD is registered to do business in and transacts business in the State of Alabama. ACD has one member: Mike Morley who is a resident and citizen of Utah.

4. Defendant Lucida Construction Company, LLC (hereinafter "Lucida") is a limited liability company organized under the laws of the State of Alabama, with its principal place of business in Montgomery, Alabama. Lucida has two members: Michael J. Addison and Lorie G. Addison who are both residents and citizens of Alabama.

## II. JURISDICTION AND VENUE

5. This action is brought pursuant to 28 U.S.C. § 2201 for a declaration of rights and obligations of CCC under certain insurance policies issued to Lucida with respect to a contractual dispute between Lucida, Morcor, and ACD arising from a construction project located in Washington County, Alabama.

6. This Court has jurisdiction pursuant 28 U.S.C. §1332 because there is complete diversity amongst the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs as demonstrated herein.

7. Venue is proper under 28 U.S.C. §1391(b)(2) as the construction project and events giving rise to this dispute are located/occurred in this judicial district. Therefore, a substantial part of the events giving rise to this dispute occurred within the Southern District.

## III. STATEMENT OF FACTS

**A.     The Policy**

8. CCC issued a commercial insurance policy providing Commercial General Liability (hereinafter "CGL") and Commercial Umbrella Liability (hereinafter "Umbrella")

coverage to named insured Lucida, bearing Policy No. ENP 046 05 30, with a policy period of October 17, 2018 to November 1, 2019 (hereinafter referred to collectively with all renewals as the "Policy"). A true and accurate copy of the Policy (liability portions only) is attached as Exhibit "A".

9. The Policy was renewed for the CGL for the policy period of November 1, 2019 to November 1, 2020, but the Umbrella was not renewed. A true and accurate copy of the renewal policy (liability portions only) is attached as Exhibit "B".

12. The Policy was also renewed for the policy period of November 1, 2020 to November 1, 2021. A true and accurate copy of the renewal policy (liability portions only) is attached as Exhibit "C".

13. The CGL's insuring agreement provides coverage for "bodily injury", "property damage", or "personal and advertising injury" caused by an "occurrence" that takes place within the "coverage territory" and within the policy period as those terms are defined by the Policy, subject to certain exclusions and conditions. *See, e.g.,* Ex. A at 19.

14. The Umbrella's insuring agreement similarly provides umbrella or excess coverage for "bodily injury", "personal and advertising injury", or "property damage" caused by an "occurrence" that takes place in the "coverage territory" as those terms are defined by the Policy, subject to certain exclusions and conditions. *See, e.g.,* Ex. A at 84.

15. The CGL also includes certain additional insured coverage, which is limited to "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by the performance of Lucida's ongoing operations or by Lucida's work and included in the "products-completed operations hazard" subject to other terms, conditions, exclusions. *See, e.g.,* Ex. A at 75-77.

B.  **The Project**

16. This case arises from the construction of a charter school named "Woodland Preparatory" which was being constructed in Washington County, Alabama (hereinafter the "Project").

17. Two limited liability companies with common ownership, ACD and Morcor, have been operating as the ownership entities for the construction of the Project.

18. Lucida was hired by Morcor as the design-builder for the Project. In connection therewith, Lucida and Morcor executed an AIA Document A141 – 2014 Standard Form of Agreement Between Owner and Design Builder, which is dated November 27, 2018.

19. The original contract sum for the Project was $3,911,573. During the course of construction, Morcor and Lucida executed change orders increasing the contract sum to $4,023.381.25.

20. Upon information and belief, construction on the Project began in 2019.

21. By letter dated July 1, 2020, Morcor terminated Lucida as the design-builder on the Project for failure to complete the Project and/or failure to keep the construction of the Project on schedule.

22. ACD and/or Morcor hired another design-builder to replace Lucida and complete the Project.

23. Lucida's failure to complete the Project and/or failure to keep the construction of the Project on schedule generated two legal actions which are the subjects of this complaint for declaratory judgment (collectively, the "Underlying Actions").

### C. The AAA Arbitration

24. In 2020, Morcor instituted an arbitration proceeding against Lucida captioned *Morcor Financial, LLC v. Lucida Construction Company, LLC* and bearing Case No. 02-20-0010-8513 before the American Arbitration Association's Construction Industry Arbitration Tribunal (hereinafter, the "AAA Arbitration").

25. In the AAA Arbitration, Morcor sought an award of $3,119,581.90 for completion costs, refund of certain payments made to Lucida, liquidated damages, attorneys' fees, costs, and expenses and interest.

26. On July 19, 2021, the AAA Panel issued an award in the arbitration against Lucida in Morcor's favor in the amount of $1,275,693.78 ($1,035,903.00 in compensatory damages plus $239,790.78 for prejudgment interest, costs, and fees). A copy of the AAA Award is attached as Exhibit "D".

27. According to the findings set forth in the AAA Award, the compensatory damages awarded constitute the increased costs to Morcor to complete the Project over the original contract sum with Lucida and amounts incurred by Morcor for claims made by Lucida's subcontractors due to Lucida's non-payment. *See* Ex. D at 21-24.

28. On August 24, 2021, Morcor filed with this Court its Petition to Confirm Arbitration Award in a lawsuit styled *Morcor Financial, LLC v. Lucida Construction Company, LLC*, under Civil Action No. 21-00370-KD-B.

29. On December 17, 2021, this Court confirmed the AAA award and issued a judgment against Lucida and in Morcor's favor in the amount of $1,275,693.78 ($1,035,903.00 in compensatory damages plus $239,790.78 for prejudgment interest, costs, and fees) (hereinafter the "Morcor Judgment"). A copy of the Morcor Judgment is attached as Exhibit "E".

30. Lucida moved to alter or amend the judgment on January 14, 2022, which is currently pending before the Court. However, Lucida's motion is limited to contesting the amount of interest applied in the judgment.

**D.     The ACD Lawsuit**

31. On or about November 10, 2021, ACD filed a lawsuit against Morcor in the Fourth Judicial District for Utah County, State of Utah, styled *American Charter Development, LLC v. Morcor Financial, LLC,* bearing Case No. 210401539 (hereinafter the "ACD Lawsuit"). A copy of ACD's Complaint filed in the ACD Lawsuit is attached as Exhibit "F".

32. ACD alleges it agreed to develop the Woodland Prep charter school in Chatom, Alabama, and it hired Morcor as the owner's representative for the construction of the Project.

33. ACD alleges it agreed to pay Morcor eight percent (8%) of the total cost of the work on the Project.

34. ACD alleges Morcor hired Lucida as the design-builder for the Project.

35. ACD alleges Morcor failed to properly manage and coordinate work on the Project and failed to timely complete the Project for occupation.

36. ACD alleges causes of action against Morcor for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duties. Each cause of action is generally premised on the allegation that Morcor failed to properly manage and coordinate the work on the Project.

37. ACD seeks damages against Morcor for costs to resolve all subcontractor and material supplier claims, costs to secure and stabilize the Project site, increased costs to complete the Project, increased financing costs, loss of the developer fee, lost lease revenue, attorneys' fees,

and interest. While ACD's alleged damages are not specifically alleged, it seeks an amount exceeding $300,000.

**E.      Dispute Of The Parties**

38.     A real justiciable dispute exists between the parties as to CCC's coverage obligations, if any, arising from the Underlying Actions.

39.     While Lucida did not request a defense or indemnity from CCC with respect to the AAA Arbitration, Morcor demanded CCC pay the Morcor Judgment under the Policy.

40.     Morcor has also demanded that CCC defend and potentially indemnify it for the ACD Lawsuit under the Policy.

41.     CCC denied coverage for both the Morcor Judgment and the ACD Lawsuit because neither the Morcor Judgment nor the ACD Lawsuit trigger CCC's obligations under the Policy.

## IV.  GROUNDS FOR DECLARATORY RELIEF

**COUNT I – DECLARATION OF NO COVERAGE FOR THE MORCOR JUDGMENT**

42.     CCC adopts and incorporates by reference the factual allegations set forth above in paragraphs 8-41.

43.     On July 19, 2021, the AAA Panel issued an award in the AAA Arbitration against Lucida in Morcor's favor in the amount of $1,275,693.78 ($1,035,903.00 in compensatory damages plus $239,790.78 for prejudgment interest, costs, and fees). *See* Ex. D.

44.     The Award is premised on Lucida's failure to perform its contractual responsibilities under the agreement between Morcor and Lucida. *Id.* In particular, the AAA Panel found Morcor was entitled to terminate Lucida for cause because Lucida failed to perform the work in a timely manner and failed to pay its subcontractors. Thus, the AAA Panel determined Mocor was entitled to contractual damages as a result of Lucida's breach of the parties' agreement.

45. On December 17, 2021, this Court confirmed the AAA award and issued a judgment against Lucida and in Morcor's favor in the amount the AAA Award..

46. For the following reasons, the Policy does not provide coverage for the Morcor Judgment, and CCC has no obligation to indemnify Lucida for the Morcor Judgment:

    a. Lucida is not entitled to coverage for the Morcor Judgment because it failed to satisfy certain conditions precedent to coverage under the Policy, including the duty to provide timely notice of the claim.

    b. The Policy provides liability coverage for three types of damages: "bodily injury", "property damage", and "personal and advertising injury". The damages that comprise the Morcor Judgment do not fall within the Policy's definitions for any of these types of damages.

    c. The Policy only provides coverage for "bodily injury" or "property damage" caused by an "occurrence". The claims that comprise the Morcor Judgment do not meet the Policy's definition of an "occurrence".

    d. The claims and damages that comprise the Morcor Judgment are precluded from coverage under the Policy by the following exclusions in the CGL:

        i. The exclusion for Damage to Property

        ii. The exclusion for Damage to Your Work

        iii. The exclusion for Damage to Your Product

        iv. The exclusion for Damage to Impaired Property or Property Not Physically Injured.

        v. The exclusion (added via endorsement) for Contractor's Professional Liability.

e. The claims and damages that comprise the Morcor Judgment are precluded from coverage under the Policy by the following exclusions in the Umbrella:

    i. The exclusion for Damage to Your Work

    ii. The exclusion for Damage to Your Product

    iii. The exclusion for Damage to Impaired Property or Property Not Physically Injured

    iv. The exclusion for Contractual Liability

    v. The exclusion (added via endorsement) for Contractor's Limitations.

f. For the Umbrella, the damages that comprise the Morcor Judgment occurred outside of the policy period.

47. Therefore, CCC seeks a declaration that it is not obligated to afford coverage for or indemnify Lucida with respect to the Morcor Judgment due to the terms and conditions of the Policy.

**COUNT II – DECLARATION OF NO COVERAGE FOR THE ACD LAWSUIT**

48. CCC adopts and incorporates by reference the factual allegations set forth above in paragraphs 8-41.

49. On or about November 10, 2021, ACD filed the ACD Lawsuit against Morcor in the Fourth Judicial District for Utah County, State of Utah.

50. The ACD Lawsuit is premised on the allegation that Morcor breached its contractual obligations and/or fiduciary duties to ACD by failing to properly manage and coordinate the work on the Project and failing to timely complete the Project for occupation.

51. The ACD Lawsuit seeks damages against Morcor for costs to resolve all subcontractor and material supplier claims, costs to secure and stabilize the Project site, increased costs to complete the Project, increased financing costs, loss of the developer fee, lost lease revenue, attorneys' fees, and interest.

52. Morcor tendered the ACD Lawsuit to CCC by email from its counsel dated November 23, 2021.

53. For the following reasons, the Policy does not provide coverage for the ACD Lawsuit and CCC has no obligation to defend or indemnify Morcor for the ACD Lawsuit:

    a. Morcor does not qualify as a named or additional insured under the Policy with respect to the claims alleged in the ACD Lawsuit.

    b. Morcor failed to satisfy conditions precedent to coverage under the Policy, including the duty to provide timely notice of the claim.

    c. The Policy provides liability coverage for three types of damages: "bodily injury", "property damage", and "personal and advertising injury". The damages that are alleged in the ACD Lawsuit do not fall within the Policy's definitions for any of these types of damages.

    d. The Policy only provides coverage for "bodily injury" or "property damage" caused by an "occurrence". The claims alleged in the ACD Lawsuit do not meet the Policy's definition of an "occurrence".

    e. The claims and damages alleged in the ACD Lawsuit are precluded from coverage under the Policy by the following exclusions in the CGL:

        i. The exclusion for Damage to Property

        ii. The exclusion for Damage to Your Work

      iii.      The exclusion for Damage to Your Product

      iv.      The exclusion for Damage to Impaired Property or Property Not Physically Injured

      v.      The exclusion for Contractual Liability

      vi.      The exclusion (added via endorsement) for Contractor's Professional Liability.

      f.      The claims and damages alleged in the ACD Lawsuit are precluded from coverage under the Policy by one or more of the exclusions in the Umbrella:

      i.      The exclusion for Damage to Your Work

      ii.      The exclusion for Damage to Your Product

      iii.      The exclusion for Damage to Impaired Property or Property Not Physically Injured.

      iv.      The exclusion (added via endorsement) for Contractor's Limitations.

      g.      For the Umbrella, the damages alleged in the ACD Lawsuit occurred outside of the policy period.

54.      Therefore, CCC seeks a declaration that it is not obligated to afford coverage for or defend or indemnify Morcor with respect to the ACD Lawsuit due to the terms and conditions of the Policy.

### V. PRAYER FOR RELIEF

WHEREFORE, CCC respectfully requests this Court issue a declaratory judgment in its favor declaring:

1. That there is no coverage under the Policy for the claims asserted against Lucida in the AAA Arbitration;

2. That CCC has no duty to indemnify Lucida with respect to the Morcor Judgment;

3. That there is no coverage for Morcor under the Policy for the claims asserted against it in the ACD Lawsuit;

4. That CCC has no duty to defend and/or indemnify Morcor for the ACD Lawsuit under the Policy.

CCC further requests this Court grant any other relief that the Court deems just and equitable under the circumstances, including but not limited to CCC's costs and attorneys' fees incurred in connection with this Complaint for Declaratory Judgment and such other relief to which it may be entitled.

Respectfully submitted,

Date: February 11, 2022

*/s/ Brandon J. Clapp*
F. Lane Finch, Jr. (asb-0027-i58f)
Brandon J. Clapp (asb-3990-d82w)
*Attorneys for The Cincinnati Casualty Company*

**OF COUNSEL**:
**Swift, Currie, McGhee & Hiers, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2401
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

**PLEASE SERVE DEFENDANTS VIA U.S. CERTIFIED MAIL AS FOLLOWS:**

Lucida Construction Company, LLC
c/o Michael J. Addison
4170 Lomac Street
Montgomery, AL 36106

Morcor Financial, LLC
c/o Cogency Global, Inc.
2 N. Jackson Street, Suite 605
Montgomery, AL 36104

American Charter Development, LLC
c/o Cogency Global, Inc.
2 N. Jackson Street, Suite 605
Montgomery, AL 36104

4885-3781-4541, v. 1